

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

---

**NO. 2-07-324-CR**
**NO. 2-07-325-CR**

STEPHEN BERNARD JONES                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## OPINION

------------

A jury convicted Appellant Stephen Bernard Jones of three counts of making a false statement to obtain property or credit of more than $200,000 in each of two cases.[1] Upon his plea of true to habitual allegations, the jury assessed his punishment at forty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice on each count. The trial

---

[1] *See* Tex. Penal Code Ann. § 32.32 (Vernon Supp. 2008).

court sentenced him accordingly, ordering the sentences to be served concurrently.

In three points, Appellant argues that the trial court abused its discretion by allowing him to represent himself, that his multiple convictions and sentences under each indictment violate double jeopardy protections, and that the evidence is insufficient to show the amount of loss. We affirm the trial court's judgments as modified.

## Background Facts

Appellant was an employee of Legacy Financial Group, a mortgage company that helps prospective home owners navigate the mortgage loan process. Appellant submitted uniform residential loan applications for two separate residential properties, seeking loans in the amounts of $680,000 and $544,000. Appellant made false statements on the applications, stating that he owned two fictitious bank accounts. He also submitted another person's credit report as his own.

## Double Jeopardy

In his second point, Appellant argues that he was denied double jeopardy protection because he received multiple convictions and punishments under each indictment, instead of just one conviction and sentence per indictment. Section 32.32 of the penal code provides in pertinent part,

2

(a) For purposes of this section, "credit" includes:

(1) a loan of money;

. . .

(7) a mortgage loan.

(b) A person commits an offense if he intentionally or knowingly makes a materially false or misleading written statement to obtain property or credit, including a mortgage loan.

(c) An offense under this section is:

. . .

(7) a felony of the first degree if the value of the property or the amount of credit is $200,000 or more.[2]

Each indictment contains three counts, but all of the counts within each indictment deal only with a single loan application. The State argues that because each material false or misleading written statement made by Appellant in the loan applications was an allowable unit of prosecution, no double jeopardy violation occurred regarding Appellant's six convictions and sentences. Appellant argues that each application is a single unit of prosecution. We hold that the allowable unit of prosecution is the property or credit sought or obtained via the false or misleading statement or statements. In this case, because each application in this case sought different credit, there are two, not

---

[2] *Id.*

3

six, allowable units of prosecution.

The State relies on language in *Cheney v. State*, a case addressing not the issue before us but whether statutes proscribing felony theft and making a false statement to obtain property or credit were in pari materia.[3] The *Cheney* court provided that "[s]ection 32.32, supra, by its own language, proscribes the making of written false or misleading statements to obtain property or credit. It is the act of making such statements that is the gravamen of the offense," and also stated that "[t]he offense is complete once the written, deceptive statement relevant to obtaining property or credit is made, even if the perpetrator is not successful in obtaining the property or credit as a result of his written deception."[4]

We note that *Cheney* was decided twenty years ago, when committing an offense under section 32.32 was a misdemeanor regardless of the value involved.[5] In 2001, however, the Texas Legislature amended section 32.32 to make the degree of the offense (and therefore the potential penalty) dependent

---

[3] *Cheney v. State*, 755 S.W.2d 123, 130 (Tex. Crim. App. 1988).

[4] *Id.* at 129.

[5] Act approved June 14, 1973, 63rd Leg., R.S., ch. 399, 1973 Tex. Gen. Laws 883, 937 (amended 2001) (current version at Tex. Pen. Code Ann. § 32.32).

4

on the value of the loan or credit sought.[6]  Although the *Cheney* court pointed

out that proof of the value of the property is a critical factor in the offense of

theft but not required to prove an offense under section 32.32 in effect at that

time,[7] under the *current* statute proscribing the making of a false statement to

obtain property or credit, the value of the property *is* critical in determining both

the degree of the offense and the penalty range.[8]

Additionally, the *Cheney* court was not faced with the issue before us.

As this court has previously explained,

> When discerning the meaning of a statute, we begin with its plain language.  We focus our attention on the literal text of the statute in question. If that language is clear and unambiguous, the plain meaning of those words is applied.  But if the plain language leads to an absurd result that the legislature could not have possibly intended, or if the language is ambiguous, we may consider extra-textual factors to determine the statute's meaning. For example, if a statute may be interpreted reasonably in two different ways, a court may consider the consequences of differing interpretations in deciding which interpretation to adopt.  If one interpretation yields absurd results while the other interpretation yields no such absurdities, the latter interpretation is preferred.[9]

---

[6] Act of May 24, 2001, 77th Leg., R.S., ch. 1245, 2001 Tex. Gen. Laws 2934, 2935 (amended 2007) (current version at Tex. Pen. Code Ann. § 32.32).

[7] *Cheney*, 755 S.W.2d at 130.

[8] *See* Tex. Penal Code Ann. § 32.32(c).

[9] *Adams v. State*, 270 S.W.3d 657, 660 (Tex. App.—Fort Worth, pet. filed) (citations omitted).

5

The State analogizes to the perjury statute in discussing the allowable unit of prosecution, pointing out that each false statement during a grand jury proceeding was held to constitute a separate offense in *People v. Guppy*.[10] We note that *statement* is defined for purposes of the penal code perjury chapter as "any representation of fact"[11] and that monetary value has no connection to the offense grade or penalty range involved in perjury.[12] On the other hand, *statement* is not defined in the fraud chapter.[13]

But section 32.03 in the fraud chapter provides that "[w]hen amounts are obtained in violation of this chapter [the fraud chapter, including section 32.32] pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of offense."[14] That is, under section 32.03, if a defendant *successfully* obtains a primary and secondary loan under section 32.32 after submitting a fraudulent document or ten fraudulent documents containing dozens of "materially false or misleading written

---

[10] 333 N.E.2d 576, 578–79 (I*ll.* App. 1975).

[11] Tex. Penal Code Ann. § 37.01(3) (Vernon Supp. 2008).

[12] *See id.* §§ 37.02–.03 (Vernon 2003).

[13] *See id.* §§ 32.01–.52 (Vernon 2003 & Supp. 2008).

[14] *Id.* § 32.03.

statement[s]," then the conduct may be considered as one offense and the total amount received used to determine the grade of offense and therefore the penalty range.[15] Under the State's interpretation of the statute at issue, though, a defendant who lies three times on a document to obtain a single loan but fails to get the money could be convicted of three offenses and receive three separate sentences, even though all three lies were focused on getting the same, single benefit. Such a result would be absurd.[16] We therefore decline to apply perjury law to this case.

We believe that an offense under current section 32.32 is more analogous to a theft offense. In theft, the allowable unit of prosecution is the object or objects stolen.[17] The value of the property may be determined by aggregating the amounts of various items stolen pursuant to one scheme or continuing course of conduct,[18] just like the value of the property sought or obtained in the

---

[15] *See id.* §§ 32.03, 32.32(b).

[16] *See Adams*, 270 S.W.3d at 660.

[17] *See Stewart v. State*, 44 S.W.3d 582, 588 (Tex. Crim. App. 2001) ("[T]he gravamen of theft is in *depriving the true owner of the use, benefit, enjoyment or value of his property*, without his consent.") (quoting *McClain v. State*, 687 S.W.2d 350, 353 (Tex. Crim. App. 1985)).

[18] Tex. Penal Code Ann. § 31.09 (Vernon 2003).

fraud chapter.[19]

Consequently, we hold that the gravamen, or allowable unit of prosecution, for the offense of making a false statement to obtain property or credit is the property or credit sought or obtained pursuant to the false or misleading statement or statements. We further hold that, here, each false statement in each case is an alternative manner and means of trying to obtain the single mortgage loan involved in each case. Therefore each indictment will support only a single conviction. Because the offenses and sentences are identical in severity, we modify each judgment to vacate the convictions and sentences for the second and third counts.[20] We address Appellant's remaining points only as to the live counts.

**Sufficiency of the Evidence**

In his third point, Appellant argues that the evidence is insufficient to show the amount of loss alleged in each indictment. Although he does not state whether he is arguing that the evidence is legally insufficient or factually insufficient, he cites cases dealing with both legal and factual sufficiency. In

---

[19] *Id.* § 32.03.

[20] *See Ex parte Cavazos*, 203 S.W.3d 333, 338 & n.8 (Tex. Crim. App. 2006); *see also Ex parte Cravens*, 805 S.W.2d 790, 791 (Tex. Crim. App. 1991).

the interest of justice, therefore, we address his third point under both standards.

Section 32.32 is an unusual statute because it does not require any harm to the complainant. The statute does not require that a defendant obtain the property or credit sought, only that a defendant attempt to obtain such property or credit through the use of materially false or misleading statements.[21] The amount of property, loan, or credit sought, rather than the amount of loss suffered by the complainant, determines the severity of the punishment.[22] The State, therefore, was required to prove in each case only the amount of the loan sought by Appellant when he made the false statements, not the amount Appellant received.[23] The State proved that Appellant sought property or credit of more than $200,000 in each case. Viewing all the evidence in the light most favorable to the prosecution,[24] we hold that the evidence is legally sufficient to support Appellant's convictions under the first count of each indictment.

---

[21] *See* Tex. Penal Code Ann. § 32.32(b).

[22] *Id.* § 32.32(c); *Cheney*, 755 S.W.2d at 129.

[23] *See* Tex. Penal Code Ann. § 32.32(b), (c); *Cheney*, 755 S.W.2d at 129.

[24] *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (both providing standard of review for legal sufficiency).

Viewing all the evidence in a neutral light,[25] we also hold that the evidence is factually sufficient to support his convictions under the first count of each indictment. We overrule Appellant's third point.

## Self-Representation

In his first point, Appellant argues that the trial court reversibly erred and abused its discretion in allowing Appellant to represent himself in the joint jury trial of the two causes without a written waiver of counsel in those causes in compliance with article 1.051 of the Texas Code of Criminal Procedure.

The record shows that on March 2, 2007 at a pretrial hearing, the trial court called the original cause numbers and the re-indicted cause numbers, explaining that 1054498R was the re-indictment of 1005292D and that 1054601R was the re-indictment of 1005291D. All motions filed in the original cause numbers were specifically carried over to the re-indicted causes.

At the March 2, 2007 hearing, Appellant insisted on dismissing his court-appointed attorney, Robert Ford, and representing himself. Appellant signed a written waiver of counsel that same date, after the re-indictments, and both re-

---

[25] *See Neal v. State*, 256 S.W.3d 264, 275 (Tex. Crim. App. 2008); *Lancon v. State*, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008); *Watson v. State*, 204 S.W.3d 404, 414–15, 417 (Tex. Crim. App. 2006); *Johnson v. State*, 23 S.W.3d 1, 8, 9, 12 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997); *Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003) (all providing standard of review for factual sufficiency).

indictment numbers are listed at the top of the waiver. Although the waiver does not specifically track the language of article 1.051(g) of the Texas Code of Criminal Procedure,[26] it does make clear that Appellant did not want to be represented by counsel. The trial court asked Appellant his reasons for not wanting a lawyer and whether he was able to represent himself and went to great lengths to admonish Appellant orally on the record. Appellant persisted in demanding to represent himself.

The trial court allowed Appellant to proceed pro se, granting his waiver of counsel in each case. The trial court nevertheless appointed standby counsel for Appellant, and in the penalty phase of the trial, Appellant elected to proceed with counsel.

As the State points out, a defendant is constitutionally and statutorily entitled to represent himself at trial.[27] The trial court also complied with the requirement that it advise the defendant of the dangers and disadvantages of self-representation so that the defendant "knows what he is doing and his

---

[26] *See* Tex. Code Crim. Proc. Ann. art. 1.051(g) (Vernon Supp. 2008). The changes between the version of the statute applicable to Appellant and the current statute are immaterial to this appeal; we therefore reference the current statute.

[27] *Faretta v. California*, 422 U.S. 806, 819–20, 95 S. Ct. 2525, 2533 (1975); Tex. Code Crim. Proc. Ann. art. 1.051(f) (Vernon Supp. 2008).

choice will be made with eyes open."[28]   The State correctly argues that a defendant's knowing and intelligent choice to represent himself must be honored.[29]   The State also correctly argues that article 1.051(g) is not mandatory and that no writing is required to waive the constitutional right to counsel.[30] No particular form is required to effectively waive counsel, but the record must reflect that a defendant has intentionally, voluntarily, and with full knowledge given up his right to be represented by counsel.[31]

In this case the oral admonishments and statements by Appellant make it clear that the trial court complied with the requirements of *Faretta* and that Appellant's waiver was voluntarily, intelligently, and with full understanding entered on the record.   Consequently, we overrule Appellant's first point.

---

[28] *Blankenship v. State*, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984) (quoting *Faretta*, 422 U.S. at 835, 95 S. Ct. at 2541).

[29] *See Faretta,* 422 U.S. at 834, 95 S. Ct. at 2541; *Blankenship*, 673 S.W.2d at 583.

[30] Tex. Code Crim. Proc. Ann. art. 1.051(g); *Burgess v. State*, 816 S.W.2d 424, 430–31 (Tex. Crim. App. 1991).

[31] *See Faretta*, 422 U.S. at 835–36, 95 S. Ct. at 2541; *Burgess*, 816 S.W.2d at 428–29.

## Conclusion

Having overruled Appellant's first and third points, but having sustained his second point and vacated the convictions and sentences under the second and third counts of each judgment, we affirm the trial court's judgments as modified.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON and DAUPHINOT, JJ.; DIXON W. HOLMAN, J. (Senior Justice, Retired, Sitting by Assignment).

PUBLISH

DELIVERED:  February 5, 2009

13