02-07-324&325-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-07-00324-CR

NO. 02-07-00325-CR

 

 


 
 
 Stephen Bernard Jones
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM Criminal
District Court No. 3 OF Tarrant
COUNTY

----------

OPINION
ON REMAND

----------

A
jury convicted Appellant Stephen Bernard Jones of three counts of making a
false statement to obtain property or credit of more than $200,000 in each of
two cases.[1]  Upon his plea of true to
habitual allegations, the jury assessed his punishment at forty-five years=
confinement on each of the six counts.  The trial court sentenced him
accordingly, ordering the sentences to be served concurrently.  In three
points, Appellant argues that the trial court abused its discretion by allowing
him to represent himself, that his multiple convictions and sentences under
each indictment violate double jeopardy protections, and that the evidence is
insufficient to show the amount of loss.  We affirm the trial court=s
judgments.

Double
Jeopardy

In
addressing Appellant’s double jeopardy claim in our original opinion, we held
that the allowable unit of prosecution was not each false statement in each
loan application but rather the property or credit sought in each loan
application.[2]  We therefore vacated four
of appellant’s convictions, two in each case.[3]  We then restricted our
analysis and resolution of his remaining two points to the two live counts,
overruling each point.[4]  The Texas Court of
Criminal Appeals, however, reversed our decision on Appellant’s double jeopardy
claim, holding that the allowable unit of prosecution was in fact each false
statement in each loan application and that no double jeopardy violation
occurred.[5]  The Texas Court of
Criminal Appeals remanded the case to this court to address Appellant’s
remaining points.[6]

Self-Representation

In
his first point, Appellant argues that the trial court reversibly erred and
abused its discretion by allowing Appellant to represent himself in the joint
jury trial of the two causes without a written waiver of counsel in those
causes in compliance with article 1.051 of the Texas Code of Criminal
Procedure.  For the reasons explained in our original opinion,[7]
we overrule Appellant’s first point.

Sufficiency

In
his third point, Appellant contends that the evidence in each case is
insufficient to support the amount of loss alleged.  Since we handed down our
original opinion, the standard for reviewing the sufficiency of the evidence to
support a conviction has changed.  In Brooks v. State, the Texas Court
of Criminal Appeals held that there is no meaningful distinction between the
legal sufficiency standard and the factual sufficiency standard.[8]
 Thus, the Jackson standard, which is explained below, is the “only
standard that a reviewing court should apply in determining whether the
evidence is sufficient to support each element of a criminal offense that the
State is required to prove beyond a reasonable doubt.”[9]

In
our due-process review of the sufficiency of the evidence to support a
conviction, we view all of the evidence in the light most favorable to the
prosecution to determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.[10]

As
we pointed out in our original opinion, in the two loan applications involved
in these two cases, Appellant sought amounts of $680,000 and $544,000,
respectively.[11]  We also explained,

The
statute does not require that a defendant obtain the property or credit sought,
only that a defendant attempt to obtain such property or credit through the use
of materially false or misleading statements.  The amount of property, loan, or
credit sought, rather than the amount of loss suffered by the complainant,
determines the severity of the punishment.  The State, therefore, was required
to prove in each case only the amount of the loan sought by Appellant when he
made the false statements, not the amount Appellant received.  The State proved
that Appellant sought property or credit of more than $200,000 in each case.[12]

 

We therefore
hold that the evidence is sufficient to support Appellant’s six convictions and
overrule his third point.

Conclusion

Because
the Texas Court of Criminal Appeals held that no double jeopardy violation
occurred, overruling Appellant’s second point, and because we overrule his
remaining points as to all six convictions, we affirm the trial court’s
judgments.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
LIVINGSTON, C.J.; DAUPHINOT, J.; and DIXON W. HOLMAN (Senior Justice, Retired,
Sitting by Assignment).

 

PUBLISH

 

DELIVERED:  June 9, 2011









[1]See
Tex. Penal Code Ann. '
32.32 (West 2011).





[2]Jones v. State, 285
S.W.3d 501, 505 (Tex. App.—Fort Worth 2009) (Jones I), rev’d, 323
S.W.3d 885 (Tex. Crim. App. 2010) (Jones II). 





[3]Id.





[4]Id. at 505–07.





[5]Jones II, 323
S.W.3d at 893.





[6]Id.





[7]See Jones I, 285
S.W.3d at 506–07.





[8]323 S.W.3d 893, 912 (Tex.
Crim. App. 2010) (overruling Clewis v. State, 922 S.W.2d 126, 131–32
(Tex. Crim. App. 1996)).





[9]Id. (citing Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979)).





[10]Jackson, 443 U.S. at
319, 99 S. Ct. at 2789; Clayton v. State, 235 S.W.3d 772, 778 (Tex.
Crim. App. 2007).





[11]Jones I, 285
S.W.3d at 503.





[12]Id. at 505 (citations
omitted).