

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-07-00324-CR**
**NO. 02-07-00325-CR**

STEPHEN BERNARD JONES                    APPELLANT

V.

THE STATE OF TEXAS                          STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## OPINION ON REMAND

----------

A jury convicted Appellant Stephen Bernard Jones of three counts of making a false statement to obtain property or credit of more than $200,000 in each of two cases.[1]   Upon his plea of true to habitual allegations, the jury assessed his punishment at forty-five years' confinement on each of the six counts.  The trial court sentenced him accordingly, ordering the sentences to be

---

[1]*See* Tex. Penal Code Ann. § 32.32 (West 2011).

served concurrently. In three points, Appellant argues that the trial court abused its discretion by allowing him to represent himself, that his multiple convictions and sentences under each indictment violate double jeopardy protections, and that the evidence is insufficient to show the amount of loss. We affirm the trial court's judgments.

**Double Jeopardy**

In addressing Appellant's double jeopardy claim in our original opinion, we held that the allowable unit of prosecution was not each false statement in each loan application but rather the property or credit sought in each loan application.[2] We therefore vacated four of appellant's convictions, two in each case.[3] We then restricted our analysis and resolution of his remaining two points to the two live counts, overruling each point.[4] The Texas Court of Criminal Appeals, however, reversed our decision on Appellant's double jeopardy claim, holding that the allowable unit of prosecution was in fact each false statement in each loan application and that no double jeopardy violation occurred.[5] The Texas Court of

---

[2]*Jones v. State*, 285 S.W.3d 501, 505 (Tex. App.—Fort Worth 2009) (*Jones I*), *rev'd*, 323 S.W.3d 885 (Tex. Crim. App. 2010) (*Jones II*).

[3]*Id.*

[4]*Id.* at 505–07.

[5]*Jones II*, 323 S.W.3d at 893.

2

Criminal Appeals remanded the case to this court to address Appellant's remaining points.[6]

**Self-Representation**

In his first point, Appellant argues that the trial court reversibly erred and abused its discretion by allowing Appellant to represent himself in the joint jury trial of the two causes without a written waiver of counsel in those causes in compliance with article 1.051 of the Texas Code of Criminal Procedure. For the reasons explained in our original opinion,[7] we overrule Appellant's first point.

**Sufficiency**

In his third point, Appellant contends that the evidence in each case is insufficient to support the amount of loss alleged. Since we handed down our original opinion, the standard for reviewing the sufficiency of the evidence to support a conviction has changed. In *Brooks v. State*, the Texas Court of Criminal Appeals held that there is no meaningful distinction between the legal sufficiency standard and the factual sufficiency standard.[8] Thus, the *Jackson* standard, which is explained below, is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each

---

[6]*Id.*

[7]*See Jones I*, 285 S.W.3d at 506–07.

[8]323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (overruling *Clewis v. State*, 922 S.W.2d 126, 131–32 (Tex. Crim. App. 1996)).

element of a criminal offense that the State is required to prove beyond a reasonable doubt."[9]

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[10]

As we pointed out in our original opinion, in the two loan applications involved in these two cases, Appellant sought amounts of $680,000 and $544,000, respectively.[11] We also explained,

> The statute does not require that a defendant obtain the property or credit sought, only that a defendant attempt to obtain such property or credit through the use of materially false or misleading statements. The amount of property, loan, or credit sought, rather than the amount of loss suffered by the complainant, determines the severity of the punishment. The State, therefore, was required to prove in each case only the amount of the loan sought by Appellant when he made the false statements, not the amount Appellant received. The State proved that Appellant sought property or credit of more than $200,000 in each case.[12]

We therefore hold that the evidence is sufficient to support Appellant's six convictions and overrule his third point.

---

[9]*Id. (*citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979)).

[10]*Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

[11]*Jones I*, 285 S.W.3d at 503.

[12]*Id.* at 505 (citations omitted).

4

**Conclusion**

Because the Texas Court of Criminal Appeals held that no double jeopardy violation occurred, overruling Appellant's second point, and because we overrule his remaining points as to all six convictions, we affirm the trial court's judgments.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT, J.; and DIXON W. HOLMAN (Senior Justice, Retired, Sitting by Assignment).

PUBLISH

DELIVERED:  June 9, 2011