

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-13-00537-CR

ERIC DWAYNE STEVENSON                                                      APPELLANT

V.

THE STATE OF TEXAS                                                               STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 1272720D

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Eric Dwayne Stevenson of three counts of violating civil commitment requirements for sexually violent predators[2] and, after finding the allegations in the repeat offender notice true, assessed his

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Health & Safety Code Ann. § 841.085(a)–(b) (West 2010).

punishment for each count at seventeen years' confinement and a $5,000 fine. The trial court sentenced him accordingly.

Appellant brings five issues on appeal, contending that the trial court had no jurisdiction because his appeal of the commitment order was pending, that the three convictions violate double jeopardy protections, that the trial court erred by denying his motion to quash the indictment and his motion for a directed verdict, and that the trial court abused its discretion by excluding his evidence that the commitment order was not final. Because the trial court had jurisdiction, double jeopardy was not implicated, and the trial court did not reversibly err, we affirm the trial court's judgment.

**Double Jeopardy**

In his first issue, Appellant argues that the convictions and sentences on three counts of the indictment are repeated convictions and punishments for the same offense for double jeopardy purposes. Section 841.085(a) of the health and safety code provides that a person commits an offense if, after having been adjudicated and civilly committed as a sexually violent predator, he violates a civil commitment requirement imposed under Section 841.082(a).[3] Applying the test and logic of *Jones v. State*,[4] the gravamen of the offense of violating civil

---

[3]*Id.* § 841.085(a).

[4]323 S.W.3d 885, 889 (Tex. Crim. App. 2010).

2

commitment requirements for sexually violent predators appears to be breaking a rule imposed not only by the committing court but also by the treatment provider.[5]

The Texas Supreme Court has held that the sexually violent predator commitment statute is civil because the legislature intended it to be civil.[6] Yet violations of the commitment obligations carry criminal sanctions.[7] Applying the rule of *Jones v. State*, it appears that we are required to hold that each violation of a rule, whether by a single or multiple acts, is a separate violation of Section 841.085(a), carrying criminal penalties for violation of the rules of the civil commitment.[8] We are therefore compelled to overrule Appellant's first issue.

**Finality of Commitment Order**

In his second issue, Appellant contends that the trial court had no jurisdiction over the criminal case because his appeal of the commitment order was pending at the time of trial. In his third issue, he contends that the trial court therefore erred by denying his motion to quash the indictment. In his fourth issue, he challenges the trial court's denial of his motion for directed verdict for

---

[5]*See id.*; *see also* Tex. Health & Safety Code Ann. § 841.082(a) (West Supp. 2014), § .085(a).

[6]*In re Commitment of Fisher*, 164 S.W.3d 637, 639–40, 654 (Tex.), *cert. denied*, 546 U.S. 938 (2005).

[7]*See* Tex. Health & Safety Code Ann. § 841.085(a).

[8]*See id.*; *Jones*, 323 S.W.3d at 889.

3

the same reason. Appellant raises no other challenge in these issues to the convicting court's jurisdiction or to the indictment's validity.

The statute criminalizing violations of civil commitment requirements for sexually violent predators does not require that the commitment order first be final for appellate purposes before violations are criminal.[9] A "commitment order is effective immediately on entry of the order."[10] Further, in civil cases, the filing of a notice of appeal does not automatically suspend enforcement of the judgment.[11] Enforcement of the judgment proceeds unless the judgment is superseded in accordance with Rule 24.[12] Consequently, Appellant was bound by the requirements of the order of commitment regardless of the status of his appeal of that order.[13] The convicting court had jurisdiction over the criminal case. Additionally, for the reasons set out above, and because the indictment was valid on its face, the trial court did not err in denying Appellant's motion to quash. We overrule Appellant's second and third issues.

---

[9]*See* Tex. Health & Safety Code Ann. § 841.085(a).

[10]*See id.* § 841.081(a) (West 2010).

[11]*See* Tex. R. App. P. 25.1(h).

[12]*See* Tex. R. App. P. 24, 25.1(h).

[13]*See United States v. United Mine Workers of Am.*, 330 U.S. 258, 294, 67 S. Ct. 677, 696 (1947) ("Violations of an order are punishable as criminal contempt even though the order is set aside on appeal . . . ."); *In re Sheshtawy*, 154 S.W.3d 114, 126 (Tex. 2004) (citing same and noting that relator remained subject to further contempt proceedings for violating an order before its reversal).

In his fourth issue, Appellant challenges the denial of his directed verdict. He moved for a directed verdict on the basis that there was no final order of commitment because he had filed a notice of appeal and the appeal was still pending. He does not otherwise challenge the sufficiency of the evidence to support his convictions. The trial court admitted State's Exhibits 1 and 2, certified copies of the final judgment finding Appellant to be a sexually violent predator and the commitment order. Again, the commitment order was effective when issued, and the issuance of mandate of that order was not a necessary precondition for imposing criminal sanctions for its disobedience.[14] The trial court therefore did not err by denying Appellant's motion. We overrule his fourth issue.

**Exclusion of Evidence**

In his fifth issue, Appellant argues that the trial court abused its discretion by excluding on relevance grounds his proffered evidence that the commitment order was not final because his appeal thereof was pending. Even if the trial court abused its discretion by excluding the evidence, an issue we do not reach, any such error would be harmless because the filing of a notice of appeal does not affect the finality of judgment in a civil case and did not stay the

---

[14]*See* Tex. Health & Safety Code Ann. § 841.085(a).

5

enforcement of the commitment order in this case.[15] We overrule Appellant's fifth issue.

**Conclusion**

Having overruled Appellant's five issues on appeal, we affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

WALKER, J., concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 15, 2015

---

[15]*See id.* § 841.081(a); Tex. R. App. P. 24, 25.1(h), 44.2(b).

6