Walter Alan FORD, M.D., Appellant,

v.

The STATE of Texas, Appellee.

No. 09 83 151 CR.

Court of Appeals of Texas, Beaumont.

June 6, 1984.

Thomas M. Root, Port Arthur, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

OPINION

BROOKSHIRE, Justice.

Appellant was convicted by a jury of unlawfully dispensing a controlled substance in violation of the Texas Controlled Substances Act, and his punishment was assessed at confinement for 10 years. Appellant does not challenge the sufficiency of the evidence.

Appellant's first ground of error challenges the indictment as being fundamentally defective "by failing to allege an offense."

The indictment alleges the appellant on or about the 9th day of September, 1982, did then and there

"as a practitioner, namely: a physician, knowingly and intentionally dispense and cause to be dispensed[1] to Ron Foster, not for a valid medical purpose nor in the course of professional practice, six (6) tablets of Dilaudid, four (4) milligrams each and containing Hydromorphone, which is a Penalty Group I, Schedule II controlled substance as listed in the Texas Controlled Substances Act ...."

Appellant argues that he was indicted, tried and convicted under the provisions of an amendment,[2] hereinafter referred to as H.B. 730, to the Texas Controlled Substances Act, *TEX.REV.CIV.STAT.ANN. art. 4476–15* (Vernon 1976 and Vernon Supp.1984). He argues further that H.B. 730 has been declared to be unconstitutional by our Court of Criminal Appeals in *Ex Parte Crisp*, 661 S.W.2d 944 (Tex.Crim. App.1983), and that any conviction for the violation of the Controlled Substances Act must be sustained under the law as it existed prior to the amendment. Appellant then

concludes his argument by urging that the indictment in this case does not charge him with an offense under the law as it existed before H.B. 730 was enacted. He cites, as his authority therefor, *Haney v. State*, 544 S.W.2d 384 (Tex.Crim.App.1976).

We agree with appellant as to the effect of the *Crisp* case, but do not agree that it is dispositive of the question before us. Appellant overlooks the fact that the legislature, subsequent to the enactment of H.B. 730, further amended the Texas Controlled Substances Act, *TEX.REV.CIV. STAT.ANN. art. 4476–15* (Vernon Supp. 1984).[3]

*Art. 4476–15, sec. 3.08(g)* as amended by the 1982 amendment (which was in effect at the time of the commission of the offense in the case at bar) provides as follows:

"(g) A practitioner, as defined by Section 1.02(24)(A) of this Act, may not prescribe, dispense, deliver, or administer a controlled substance or cause a controlled substance to be administered under his direction and supervision except for a valid medical purpose and in the course of professional practice."

And, *Art. 4476–15, sec. 4.08(a)(1)* provides:

"(a) It is unlawful for any person:

(1) who is a practitioner knowingly or intentionally to distribute or dispense a controlled substance in violation of Section 3.08;"

Appellant, in his argument that the indictment does not allege an offense, relies upon *Haney v. State, supra*, wherein it is stated:

"We are not aware of any provision or provisions of the Controlled Substances Act which makes it a penal offense for a practitioner to issue a written prescription for a Schedule II controlled sub-

---

1. This phrase "and cause to be dispensed" was, upon the State's motion, struck from the indictment without objection by appellant.

2. Acts 1981, 67th Leg., Ch. 268, pg. 696–708, eff. Sept. 1, 1981.

3. Acts 1981, 67th Leg., Ch. 570, pg. 2313, eff. Jan. 1, 1982.

stance without giving a medical examination or taking other steps deemed proper in the course of professional practice. It may be argued that such should be an offense under the law, but this is a matter addressed to the Legislature." (footnote omitted)

The Legislature has now addressed this matter by the amendments hereinabove quoted. The offense now is, in the language of *Art. 4476–15, sec. 3.08(g)*, that the practitioner may not "prescribe, dispense ... a controlled substance ... except for a valid medical purpose and in the course of professional practice."

█ An indictment that tracks the language of the appropriate statute is legally sufficient. *Phillips v. State*, 597 S.W.2d 929 (Tex.Crim.App.1980); *Clark v. State*, 577 S.W.2d 238 (Tex.Crim.App.1979). The indictment in the case at bar tracks the language of the statute and clearly alleges the offense. The indictment is not fundamentally defective. This ground of error is overruled.

█ Appellant next complains of error "in allowing into evidence, over appellant's objection, previously suppressed evidence."

Appellant does not specifically refer to the evidence he contends to be objectionable. His only reference, in his brief, is as follows: "(See testimony of Ray Wise, p-66; Carl Tracy Birdsong p. 161; Elizabeth Maddox p. 218; Dale Folds p. 207; Dr. Chester St. Romain p. 338; Dr. Robert Robinson p. 392)".

The record reflects that appellant filed his "Motion to Suppress Evidence" for the following evidence:

"1. All tangible evidence seized on or about July 13, 1982, at 2237 Nederland, Ave., Port Neches, Texas, including but not limited to the following:

See Exhibit "A" (inventory of search warrant)"

The exhibit referred to simply states the following:

"Dr. Walter Alan Ford, M.D. Inventory of Records Seized: [This is followed by a list of 92 names.]"

There is nothing in this exhibit showing any particular evidence seized. This motion was presented to the court and after a very lengthy colloquy between the court, defense counsel and the prosecuting attorney, the court announced "The motion is granted as to all other evidence seized."

In view of the contents of the exhibit, giving only individual names, and the order of the court, it is impossible for us to determine any particular items of evidence which were suppressed by the court.

We have carefully reviewed the testimony of the witnesses referred to by appellant, and we find no reference to any evidence shown to be excluded or suppressed by the court. Moreover, such evidence refers to items which were received from sources not obtained as a result of the execution of the search warrant. This ground is overruled.

Appellant next complains of error "in allowing into evidence, over appellant's objections, testimony evidencing extraneous offenses."

Appellant again refrains from pointing out any specific evidence about which he complains, but merely asks this court to refer to the testimony of the witnesses Ray Wise, Carl Tracy Birdsong, Elizabeth Maddox, Dale Folds, Dr. Chester St. Romain and Dr. Robert Robinson.

The only objections we can find in this record, with reference to extraneous offenses, were made to the testimony being given by Wise and Birdsong. When Wise was asked if he had "occasion to come to know an individual by the name of Dr. Walter Ford", appellant made the following objection:

"... I don't know exactly what the witness is going to testify to, but if there is any of his testimony that would relate to any acts of possible misconduct or extraneous offenses, you know, then, I would urge my objection that it does not fall in the bounds of an extraneous offense, and it would not be admissible at this time."

The only other such objection we find in the record was made during Birdsong's

testimony. When asked, "Have you had occasions to visit with Dr. Ford in his office?", appellant made the following objection:

"Your HONOR, I would like to renew my objection to the testimony of Mr. Birdsong, along with any other people that might be testifying to what the State would refer to as an 'extraneous offense'."

At the time these objections were made there were no specific questions propounded that would have called for any testimony that could have related to any acts of misconduct or extraneous offenses. Appellant was apparently anticipating such testimony, and prematurely made his objection. As stated in *Gonzales v. State*, 172 Tex.Crim. 556, 361 S.W.2d 393 (1962), " 'the proper time to oppose the introduction of the testimony which the accused deems inadmissible against him is when it is offered.' "

In the state of the record at the time the objections were made, the court properly overruled them. The court would have been in error to rule otherwise. If the objection had been sustained, then no evidence of any extraneous offense could have been admitted, and it is well established that under certain conditions and circumstances evidence of an extraneous offense is admissible. See *Wallace v. State*, 679 S.W.2d 1 (Tex.Crim.App.1983); *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex.Crim.App. 1972).

We find no objections made to any such evidence given by the other witnesses. In the absence of an objection, the same is waived, and nothing is preserved for review. *Esquivel v. State*, 595 S.W.2d 516 (Tex.Crim.App.1980) *cert. denied* 449 U.S. 986, 101 S.Ct. 408, 66 L.Ed.2d 251. This ground of error is overruled.

Appellant next complains of error "in allowing into evidence, over appellant's objection, a video tape [sic] of appellant."

During the punishment phase of the trial, the State introduced into evidence a videotape cassette of a conversation be-

tween the witness Fitzgerald and appellant. Fitzgerald was a reporter for a television station, Channel 4, with offices in Port Arthur. Fitzgerald had made a videotape of an interview with appellant. This videotape is not in the record before us. However, the witness Fitzgerald testified that the tape was recorded with a "TV camera and a recorder" in appellant's office, and contained only "what Dr. Ford is saying."

The only portion of appellant's interview before us is that appellant told Fitzgerald that "he [appellant] was not only an eye doctor, an Opthalmologist, but he, also, had a Weight Control Clinic, and a Drug Treatment Clinic", and that the witness conducted this interview after appellant was indicted and "I was getting reactions to his indictment."

Appellant objected to the videotape as "not the best evidence", as being immaterial, in violation of his right to remain silent throughout the trial and that the "proper predicate has not been laid, in that, it is a record of the business, and therefore, the three or four grounds necessary for the introduction of a business record, have not been laid...."

Under this ground of error, appellant only argues the inadmissibility of the videotape on the "best evidence" objection. The other portions of his objections as set out above are not discussed or argued and they are therefore waived. However, appellant does discuss one other point urging the videotape's inadmissibility, but, this objection now raised on appeal will not be considered as it does not comport with the objection made at trial. *Carrillo v. State*, 591 S.W.2d 876 (Tex.Crim.App.1979); *Crocker v. State*, 573 S.W.2d 190 (Tex. Crim.App.1978). Thus, the "best evidence" objection is the only remaining reviewable objection.

Fitzgerald testified that the tape introduced into evidence was taken or made from the original tape which was kept in the station's library in Port Arthur. She testified that the portion of the tape which

was introduced into evidence was a true and accurate reflection of the original tape.

Assuming, arguendo, without deciding, that the tape was improperly admitted, we fail to see how he was harmed thereby. If the videotape was erroneously admitted, we hold such to be harmless error. It was not introduced in the guilt stage of the trial, so it could not have contributed to the conviction. The test for harmless error, even where the error is constitutional, is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction or affected the punishment assessed. *Johnson v. State,* 660 S.W.2d 536 (Tex.Crim.App.1983). An examination of the evidence of the witness Fitzgerald demonstrates that the contents of the videotape did not contribute to the punishment assessed. This ground is overruled.

The judgment is affirmed.