

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1584/1585-11

**MAURICIO CELIS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### NUECES COUNTY

KELLER, P.J., filed a concurring opinion in which PRICE and KEASLER, JJ., joined.

I write separately to respond to Judge Cochran's contention that the mistake-of-fact defense applies to elements of an offense other than the culpable mental state. Her position conflicts with the language of the Penal Code, contradicts legislative history, and would produce a sea-change in our law.

### A. Language of the Penal Code

Mistake of fact is a defense only if the defendant's mistake "negated the kind of culpability

required for the commission of the offense."[1] Judge Cochran is correct that "culpability" generally means the actor's blameworthiness for or guilt of the crime. But the mistake-of-fact defense does not say that it applies when the mistake negated general "culpability" for the commission of the offense. Rather, the defense applies when the mistake negated "the kind of culpability required" for the commission of the offense. The use of the word "required" seems pretty clearly to mean that the culpability to which the defense refers is not culpability in general but, instead, the culpable mental state "required" by the offense. And "the kind of culpability" seems to be a reference to one of the four kinds of mental states provided for by statute (intentionally, knowingly, recklessly, and with criminal negligence).

Any ambiguity in this regard is resolved when one looks to other provisions of the Penal Code that use the word "culpability." The Penal Code's general definition section says that "element of offense" means:

(A) the forbidden conduct;

(B) the required culpability;

(C) any required result; and

(D) the negation of any exception to the offense.[2]

When the words used in the mistake-of-fact defense (culpability required) are also used to define an element of the offense (required culpability), we should conclude that the culpability to which the defense refers is the culpability that is an element of the offense, i.e., the culpable mental state required by the offense.

---

[1] TEX. PENAL CODE § 8.02(a).

[2] *Id.* §1.07(a)(22).

Moreover, the definition of "element of the offense" distinguishes the "required culpability" from the forbidden conduct and from any required result. What this means is that "required culpability" must refer to the defendant's culpable mental state, and not to his guilt of the offense as a whole.

Penal Code § 6.02 is titled "Requirement of Culpability."[3] That section is devoted exclusively to the treatment and application of culpable mental states.[4] Subsections (a) through (c) address when culpable mental states are required, and subsection (d) lists the culpable mental states from highest to lowest.[5] Then subsection (e) provides: "Proof of a higher degree of culpability than that charged constitutes proof of the culpability charged."[6] Subsection (e) unequivocally uses the word "culpability" to mean the defendant's culpable mental state.[7]

The statutes described above were all part of the enactment of the 1974 Penal Code, and the portions relevant to the present case have not materially changed.[8] We must assume that the legislature was aware of all of these provisions when it used the phrase "the kind of culpability required" in the mistake-of-fact defense.[9] Given the legislature's use of the term "culpability" in §§

---

[3] *Id.* § 6.02 (title).

[4] *Id.* § 6.02, *passim*.

[5] *Id.* § 6.02(a)-(c), (d). *See also id.* § 6.02(f).

[6] *Id.* § 6.02(e).

[7] *See Hicks v. State*, 372 S.W.3d 649, 653 & n.4 (Tex. Crim. App. 2012); *Contreras v. State*, 312 S.W.3d 566, 585 (Tex. Crim. App. 2010); *Wasylina v. State*, 275 S.W.3d 908, 910 (Tex. Crim. App. 2009); *id.* at 912 (Price, J., concurring).

[8] *See* TEX. PENAL CODE §§ 1.07(13), 6.02, 8.02(a) (1974).

[9] *See Smith v. State*, 309 S.W.3d 10, 14 (Tex. Crim. App. 2010) ("Since the Legislature modified Article 21.15 as part of the same legislation that enacted the 1974 Penal Code, it must

1.07 and 6.02 to describe culpable mental states that are required, we should conclude that the legislature intended the same meaning for the term "culpability" in the mistake-of-fact statute.

Prior cases from our Court have construed the mistake-of-fact defense to apply only if the mistake negated the culpable mental state.[10]  It is true that these cases were decided before our statutory construction decision in *Boykin*,[11] but the conclusions in those cases are consistent with the plain meaning of the text of the statute.[12]  For that reason, we do not need to consider the legislative history of the statute.  However, because Judge Cochran does so, and in the event the reader believes the statute is ambiguous, I will do so as well.

### B. Legislative History

Judge Cochran candidly acknowledges that the Practice Commentary to § 8.02 contradicts her position.  The Practice Commentary states: "Mistake of fact constitutes a defense only if it negates the culpable mental state.  Thus, Subsection (a) overturns the line of cases recognizing mistake of fact as a defense to public welfare offenses that impose strict liability."[13]  In *Thompson*, we said that the Practice Commentary "is often helpful because it was drafted by two individuals

---

have been aware of the terms of Section 6.03(c) of the Penal Code and intended for Article 21.15 to be given effect.").

[10]  *See McQueen v. State*, 781 S.W.2d 600, 602 n.2, 603 (Tex. Crim. App. 1989); *Beggs v. State*, 597 S.W.2d 375, 378 (Tex. Crim. App. 1980).

[11]  *See Boykin v. State*,  818 S.W.2d 782, 785-86 (Tex. Crim. App. 1991).

[12]  *See id.*

[13]  Seth S. Searcy, III & James R. Patterson, V.A.P.C., § 8.02, *Practice Commentary*, Vol. 1, p. 212 (first paragraph) (1974).  *See also id.* at p. 213 (first full paragraph) ("Section 8.02, however, clearly specifies that mistake of fact exculpates only if it negates the culpable mental state.").

who were part of the Penal Code revision project."[14]  Nevertheless, in that case, we did not find it

instructive in construing the mistake-of-fact statute because the enacted statute differed significantly

from the one proposed by the drafting committee.[15]

But we observed that "the mistake of fact defense appears to incorporate elements from both

the Model Penal Code [upon which the proposed code was based] and the prior version of the Texas

Penal Code,"[16] thereby suggesting that the new mistake-of-fact defense was not simply a codification

of the prior law but was, instead, a mixture of prior law and new law.  Although we found the

Practice Commentary's global comment about the mistake-of-fact statute being a redundant

provision[17] to be unhelpful because of the significant differences between the proposed and enacted

---

[14]  *Thompson v. State*, 236 S.W.3d 787, 798 (Tex. Crim. App. 2007).  I disagree with Judge Cochran's implication that the practice commentary may be disregarded because it "was written by a practitioner, not any court or legislator, and it was written for the 1970 Proposed Penal Code, not the provision that was actually enacted in 1974." First, Seth Searcy, who was responsible for the commentary that applied to § 8.02, was not just any practitioner: he was the second director of the Penal Code revision project.  *See* Seth R. Searcy, III, V.A.P.C., Foreword, Vol. 1, p. XXV (1974) ("prepared the commentary for the sections in Titles 1, 2, 5, 9, and Chapter 47 of Title 10"); T. Gilbert Sharpe, V.A.P.C., Introduction, Vol. 1, p. VII (1974) (describing Searcy's role in the project). Second, the Practice Commentaries were commentaries on the 1974 Penal Code, though they were built upon the earlier committee comments to the proposed code and were sometimes identical. Searcy, Foreword, at XXIV-XXV.

[15]  *Thompson*, 236 S.W.3d at 799.

[16]  *Id.*

[17]*Id.* ("The drafters of the proposed penal code viewed the mistake of fact defense as essentially redundant of the requirement that the State prove the mental element of an offense, but they included the defense as a method of placing upon the defendant 'the burden of producing evidence' so that a mistake of fact is something 'the prosecution does not have to negate unless raised.'  That view was maintained in the practice commentary to the current provision.").

versions of relevant statutes,[18] the Practice Commentary comment at issue in the present case

pertains to only a portion of the mistake-of-fact statute. That portion of the statute—requiring that

the defendant's mistake negate "the kind of culpability required" for the offense—was clearly

derived from the language of the proposed code and is dissimilar to the language of the prior

statute.[19]

The relevant difference between the "culpability" language in the current mistake-of-fact

statute and its counterpart in the proposed code is that the proposed code specified the culpable

mental states to be negated ("intent, knowledge, recklessness, or criminal negligence").[20] This

difference can be explained by the fact that the Penal Code's Chapter 8 defenses (including mistake

of fact) also applied to offenses outside the Penal Code,[21] and those other offenses sometimes used

---

[18] The transferred-intent statute in the enacted code was entirely different from the version in the proposed code, and the mistake-of-fact statute in the enacted code contained a reasonableness requirement not contained in the proposed code's version. *See id.* at 797-99. The reasonableness requirement was the only element of the mistake-of-fact statute that we identified as being derived from prior law. *Id.* at 794.

[19] *Compare* TEX. PENAL CODE § 8.02 (*the current statute*) ("if his mistaken belief negated the kind of culpability required for the commission of the offense") *to* State Bar Committee on Revision of the Penal Code, TEXAS PENAL CODE: A Proposed Revision, Final Draft, § 8.02(a)(October 1970) (*the proposed code*) ("if his ignorance or mistake negated the intent, knowledge, recklessness, or criminal negligence required to establish an element of the offense charged") *and* TEX. PENAL CODE, Art. 41 (1948) (*the prior statute*) ("the person so acting under a mistake would have been excusable had his conjecture as to the fact been correct").

[20] *See* previous footnote.

[21] TEX. PENAL CODE § 1.03(b) ("The provisions of Titles 1, 2, and 3 apply to offenses defined by other laws . . . ."); *cf. State v. Colyandro*, 233 S.W.3d 870 (Tex. Crim. App. 2007) (conspiracy statute does not apply to offenses outside of the Penal Code because it is contained in Title 4 and only Titles 1, 2, and 3 apply to offenses outside the Penal Code).

culpable mental states other than those specified in the Penal Code (e.g. wilfully).[22]  Rather than try

to catalog all possible "nonstandard" culpable mental states, the legislature sensibly took a global

approach to negating culpability.

Judge Cochran contends that the question is whether Texas abandoned "its tried and true

approach" to the mistake of fact defense that existed from 1867 until 1974 by rendering the statutory

defense a virtual nullity.  The first answer to her question is that the framers of the 1974 Penal Code

were heavily influenced by the Model Penal Code and more modern legal developments and could

well have intended to break with the past.  The second answer is that, after *Thompson*, the mistake-

of-fact defense's role in negating the transfer of intent gives it a non-redundant application.

### C. Prior Caselaw

Judge Cochran relies upon the *Mose Green* case[23] and other pre-1974 cases to support the

proposition that the mistake-of-fact defense has historically been applied even when the mistake did

not negate a culpable mental state required for the offense.  But as the above discussion shows, those

cases were decided under a mistake-of-fact statute that differs materially from the current statute.[24]

In cases decided since the enactment of the new statute in 1974, the Court has said that the

---

[22]  *See, e.g.,* TEX. AGRIC. CODE § 71.058(a) (wilfully or negligently); TEX. BUS. & COM. CODE § 17.11(b), (c) (wilfully); TEX. FAMILY CODE § 162.206 (wilfully).

[23]  *Green v. State*, 221 S.W.2d 612 (Tex. Crim. App. 1949).  I include the first name in my reference to the case because there is another important *Green* case that I will address below.

[24]  *See* this opinion, footnote 19.  *See also* TEX. PENAL CODE, Art. 41 (1925) (essentially same language as 1948 statute); TEX. PENAL CODE, Arts. 46, 47 (1895, 1911) (same); TEX. PENAL CODE, Arts. 45, 46 (1879) (same).

mistake must negate a culpable mental state required for the charged offense.[25] And at least two cases from this Court since the 1974 enactment have held the mistake-of-fact defense to be inapplicable when the mistake was about an element of the offense for which there was no culpable mental state.[26]

In *Billy Ray Green v. State*, the defendant was charged with public lewdness, occurring in a booth in an adult bookstore.[27] The defendant contended that he was entitled to the defense of mistake of fact because there was evidence that he was mistaken about whether the booth was a public place.[28] We held that he was not entitled to the defense because "[e]ven if [the defendant] did form, through mistake, a belief that the booth was not a public place, such mistake of fact could not be a defense since there is no requirement that a defendant know that the location where the act was performed was a public place."[29]

In *Mays v. State*, the defendant was charged with capital murder for killing peace officers.[30] He contended that he was entitled to a mistake-of-fact defense on the basis that he was mistaken about whether the officers were acting in the discharge of their official duties.[31] Although the

---

[25] *See, e.g., Willis v. State*, 790 S.W.2d 307, 314 (Tex. Crim. App. 1990); *McQueen*, 781 S.W.2d at 602 n.2, 603; *Beggs*, 597 S.W.2d at 378. *See also Posey v. State*, 966 S.W.2d 57, 70 (Womack, J., dissenting).

[26] *Mays v. State*, 318 S.W.3d 368, 383-84 (Tex. Crim. App. 2010); *Green v. State*, 566 S.W.2d 578, 584 (Tex. Crim. App. 1978).

[27] 566 S.W.2d at 580-81.

[28] *Id.* at 584.

[29] *Id.*

[30] 318 S.W.3d at 382.

[31] *Id.*

offense of capital murder by killing a peace officer includes the element that the peace officer was "acting in the lawful discharge of an official duty,"[32] we held that the defendant was not entitled to a mistake of fact defense because, among other things, "the defendant need not know that specific fact," and so, the mistake "would not negate the required culpability for capital murder."[33]

Judge Cochran's position conflicts with our prior pronouncements in earlier cases and conflicts specifically with the holdings in *Billy Ray Green* and *Mays*. She relies heavily upon *Thompson*, but *Thompson*'s holding with respect to the mistake-of-fact defense is entirely consistent with the conclusion that the defense applies only if the mistake negates the culpable mental state required for the offense. When the State seeks to transfer a culpable mental state from one offense to another, the mistake-of-fact defense may be available to negate the culpable mental state for the unintended, transferee offense.[34] Judge Cochran recites *Thompson*'s "three important observations" about the prior mistake-of-fact statute, which included the first observation that the mistake did not have to negate the culpable mental state required for the offense, but of the three observations, we identified only the second—involving the reasonableness requirement—as being carried forward from prior law.[35] Judge Cochran criticizes *McQueen* as relying erroneously upon the Practice Commentary in arriving at its conclusion that a culpable mental state must attach to the "without the effective consent" element of the offense of unauthorized use of a motor vehicle, but *McQueen*'s holding appears to rest on considerations independent of the mistake-of-fact defense, as the opinion

---

[32] *Id.* at 384; TEX. PENAL CODE § 19.03(a)(1).

[33] *Mays*, 318 S.W.3d at 384.

[34] *See Thompson*, 236 S.W.3d at 800.

[35] *Id.* at 794.

relied heavily upon *McClain v. State*,[36] a case that construed the theft statute[37] and which did not involve an issue regarding mistake of fact.[38]

Judge Cochran gives some examples of offenses to which she believes the mistake-of-fact defense should apply, but in most, if not all, of those cases, a culpable mental state attaches to the element about which a mistake might be made. For instance, Dangerous Dan goes moose hunting but shoots a person by mistake and, under Judge Cochran's theory of mistake-of-fact, he is not guilty of murder.[39] But in an intentional and knowing murder, the State would already have to prove that the defendant intended or knew that the being he killed was "an individual," elsewhere defined as "a human being who is alive."[40] A failure to prove intentional or knowing killing of an individual would already exculpate Dan from murder, without regard to mistake of fact.

Judge Cochran cites theft as a classic example of the application of mistake of fact to an element—without consent—to which a culpable mental state does not attach, but under *McClain*, the required culpable mental state includes the owner's lack of consent.[41] She cites *Hill v. State*,[42] a prosecution for intentionally dispensing a controlled substance without a valid medical purpose,

---

[36] 687 S.W.2d 350 (Tex. Crim. App. 1985).

[37] *See McQueen*, 781 S.W.2d at 604.

[38] *See McClain*, *passim*.

[39] But under Judge Cochran's reasoning if Dan acted unreasonably—if he failed to exercise reasonable care in determining whether the being shot was a person or an animal—he would be liable for murder (instead of simple negligence) because mistake of fact exculpates defendants only if their mistakes are reasonable.

[40] *See* TEX. PENAL CODE § 19.02(b)(1); § 1.07(26).

[41] *McClain*, 687 S.W.2d at 354-55.

[42] 765 S.W.2d 794 (Tex. Crim. App. 1989).

as involving an example of when mistake of fact could apply to an element—without a valid medical purpose—that was not embraced by a culpable mental state. The opinion in *Hill* does not supply the text of the controlled substances statute at issue,[43] but my research suggests that the statute is structured in such a way that the culpable mental state applies to both the dispensing and the absence of a valid medical purpose.[44] Moreover, *Hill* quotes the portion of the Practice Commentary stating that mistake of fact "constitutes a defense only if it negates the culpable mental state"[45] and nothing in *Hill* suggests that it was following a contrary rule.[46] Judge Cochran suggests her reasoning would apply to possession of controlled substances, but in a controlled-substances prosecution, the State is required to prove that the accused knew that the matter was contraband.[47]

---

[43] *See Hill*, *passim*.

[44] *See Ford v. State*, 676 S.W.2d 609, 610 (Tex. App.–Beaumont 1984), quoting from what appear to be a prior version of the referenced statutes:

> [3.08(g)] A practitioner, as defined by Section 1.02(24)(A) of this Act, may not prescribe, dispense, deliver, or administer a controlled substance or cause a controlled substance to be administered under his direction and supervision except for a valid medical purpose and in the course of professional practice.
>
> * * *
>
> [4.08(a)(1)] It is unlawful for any person:
>
> (1) who is a practitioner knowingly or intentionally to distribute or dispense a controlled substance in violation of Section 3.08.

*See also* the current statutes with similar language: TEX. HEALTH & SAFETY CODE §§ 481.071(a), 481.128.

[45] 765 S.W.2d at 795 n.2

[46] *Id.*, *passim*.

[47] *Ex parte Lane*, 303 S.W.3d 702, 709 (Tex. Crim. App. 2009); *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).

Judge Cochran acknowledges that her rule would cause the mistake-of-fact defense to apply to strict liability, public welfare offenses. In essence, her view would eliminate strict liability offenses in Texas except where a statute explicitly provides that mistake of fact is not a defense. Her view would also eliminate strict liability elements within other offenses, many of which were created long after this Court had construed the mistake-of-fact defense as applying only when the mistake negates the culpable mental state. For example, for capital murders of children under age six,[48] we have held that there is no requirement that the defendant know or intend that his victim be under six years of age.[49] But under Judge Cochran's view, a defendant might claim that he reasonably, but mistakenly, believed that the child was seven years old. It appears also that she would overrule *Mays* and allow a capital-murder defendant to attempt to show that he was reasonably mistaken about whether a police officer was acting in the lawful discharge of an official duty. Untold numbers of offenses would be affected by her view.

And if we adopted not just Judge Cochran's rule, but the entirety of her reasoning, defendants would be adversely affected in ways that the legislature never anticipated. A hunting accident that, until now, would have been considered at most to be criminally negligent homicide or manslaughter would become murder if the defendant honestly, but unreasonably, thought he was shooting a deer instead of a person. The sweep of the theft statute would be substantially broadened to encompass those who honestly believed that they had consent to take property but whose beliefs were determined to be unreasonable. Controlled-substance convictions could be had against persons who honestly, but unreasonably, believed that they were in possession of something innocuous. In short,

---

[48] *See* TEX. PENAL CODE § 19.03(a)(8).

[49] *Black v. State*, 26 S.W.3d 895, 897 (Tex. Crim. App. 2000).

Judge Cochran's view would produce a sea-change in the criminal law.

The "interests of *stare decisis* are at their height for judicial constructions of legislative enactments upon which the parties rely for guidance in conforming to those enactments."[50] Furthermore, when a judicial construction of a statute "is longstanding, there is some force to the argument that, if the Legislature did not agree with the judicial interpretation, it would have acted to change the statute."[51] We should not change our construction of a statute to produce the dramatic, far-reaching change in the law that would occur here without being certain that our prior construction of the statute was incorrect. Given the language of various provisions in the Penal Code, the Practice Commentary, and the history of the mistake-of-fact provision, I do not believe our prior construction has been shown to be incorrect.

With these comments, I join the Court's opinion.

Filed: May 15, 2013
Publish

---

[50] *Jones v. State*, 323 S.W.3d 885, 889 (Tex. Crim. App. 2010).

[51] *Id.* at 888.