

# NUMBERS 13-13-00554-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JOE ANTHONY CUEVAS,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

### On appeal from the 156th District Court
### of Bee County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Joe Anthony Cuevas appeals the trial court's revocation of his community supervision. After appellant pleaded not true to five allegations, the trial court found four allegations to be true and sentenced appellant to four years' imprisonment in the Texas Department of Criminal Justice, Institutional Division. By one issue, appellant contends that he proved due diligence as a defense to the State's failure to report

allegation and that the evidence was legally insufficient to prove the other violations. We affirm.

## I.   BACKGROUND

In 2001, appellant was indicted for aggravated assault with serious bodily injury, a second-degree felony. TEX. PENAL CODE ANN. § 22.02(a)(1) (West, Westlaw through Chapter 46 2015 R.S.). Appellant entered a plea agreement for eight years of confinement. The trial court suspended appellant's sentence and placed him on community supervision for a period of six years. The trial court extended appellant's community supervision on multiple occasions because of his continuing violations of the terms and conditions of community supervision. The State thereafter filed a motion to revoke appellant's community supervision based upon appellant's continuing failure to comply. The State's motion to revoke appellant's community supervision alleged:

1. On or about the 27th day of September, 2012, in the County of Live Oak, State of Texas, Appellant, did fail to keep employment as required in Conditions of Community Supervision in Live Oak County as;

2. On or about the 27th day of September, 2012, in the County of Live Oak, State of Texas, Appellant, did fail to report in person to the Supervision Officer of Live Oak County, Texas, two times per month for the month of September 2012, and further failed to report to the Supervision Officer of Live Oak County, Texas, two (2) times per month for the succeeding months of October 2012, November 2012, December 2012, January 2013, February 2013, March 2013;

3. On or about the 27th day of September, 2012, in the County of Live Oak, State of Texas, Appellant, did fail to report within two (2) Supervision Department working days, a change of address to the Supervision Officer of Live Oak County, Texas, as required in the Conditions of Community Supervision;

4. On or about the 10th day of March 2011, in the County of Live Oak, State of Texas, Appellant, did fail to pay, to the Supervision Officer of Live Oak

2

County, Texas, a Statutory Supervisory Fee of $60.00 per month for the month of March 2011, and further failed to pay said Supervisory Fee on the 10th day of the succeeding months of April 2011 through April 2013; being in arrears $2,700.00; and

5. On or about the 27th day of September, 2012, in the County of Live Oak, State of Texas, the said Joe Anthony Cuevas, did fail to submit to random urinalysis one (1) time per week for the week of September 27, 2012, and further failed to submit to random urinalysis one (1) time per week for the succeeding weeks of the succeeding months of October 2012, November 2012, December 2012, January 2013, February 2013, March 2013.

Two witnesses testified during the revocation hearing: Community Supervision Officer Grace Garcia and appellant. Regarding the allegation that appellant failed to report, Garcia testified that appellant was discharged from a treatment center in Fort Worth on September 13, 2012, and that appellant was given instructions prior to discharge that he was required to report to his probation officer on September 27, 2012.[1] Thereafter, appellant was required to report to his probation officer twice each month. Garcia stated that the probation office made no attempt to contact appellant at his place of residence. Regarding the other violations, Garcia testified: (1) appellant was unemployed at some point during his period of community supervision; (2) appellant changed addresses, moving from a halfway house in Fort Worth to another address, but failed to notify the probation department of his change of address; (3) appellant failed to

---

[1] Appellant's probation officer at the time of his discharge was Keane Monroe. Garcia was appellant's probation officer at the time of the revocation hearing and her testimony relied on Monroe's documentation included in appellant's file. Garcia stated that there was nothing in appellant's file to prove that he was advised about his post-discharge appointment, and Monroe did not testify. The file, however, includes notes from appellant's previous probation officer indicating that appellant was scheduled to report on September 27. Garcia explained that appellant would have been informed about his post-discharge reporting requirements during the "treatment team meeting" which took place two days before appellant's discharge from the treatment center.

pay any supervisory fees from March, 2011 to April, 2013; and (4) appellant failed to submit to urinalysis testing during the months he failed to report.

Appellant testified that after his discharge from the halfway house in Fort Worth, he returned to his residence in George West, Texas. He claimed that he was waiting for the probation department to contact him because he did not have any transportation. On cross-examination, appellant admitted that his residence was eleven blocks from the probation office; that he knew he was required to report, but that did not report out of fear of going to jail; and that he understood the conditions of his community supervision. He further admitted that he did not participate in any drug testing.

The trial court found the first allegation—that appellant failed to maintain employment—"not true", but the trial court found "true" on the other four probation violations, issued a judgment revoking appellant's community supervision, and sentencing him to four years' imprisonment.

## II.    DUE DILIGENCE

By his sole issue, appellant contends that the trial court abused its discretion in revoking appellant's probation because:   (1) appellant proved due diligence as a defense to failure to report; and (2) the evidence is legally insufficient to prove a violation of any of the other conditions of community supervision.   Specifically, appellant argues that since Garcia admitted that the probation office made no attempt to contact him at his last known address during his term of community supervision, that he successfully raised the due-diligence defense to the alleged violation of failure to report.

### A.   Applicable Law and Standard of Review

The State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In determining questions regarding sufficiency of the evidence in probation revocation cases, the burden of proof is by a preponderance of the evidence. *Id.* The State satisfies this burden when the greater weight of the credible evidence before the court creates a reasonable belief that it is more probable than not that the defendant has violated a condition of his probation as alleged in the State's motion. *Id.* at 763–64; *Cobb v. State,* 851 S.W.2d 871, 873 (Tex. Crim. App. 1993) (en banc).

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *Rickels,* 202 S.W.3d at 763; *Cherry v. State,* 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd); *Becker v. State,* 33 S.W.3d 64, 66 (Tex. App.—El Paso 2000, no pet.) ("Given the broad discretion vested in the trial court and the nature of the proceeding, the courts have traditionally held that the only issue presented in an appeal from an order revoking probation is whether the trial court abused its discretion."). If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision. *Cardona v. State,* 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984) (en banc). The fact-finder alone determines the weight and credibility of the evidence. *Id.* We may not re-evaluate the weight and credibility of the record and substitute our judgment for that of the fact-finder. *Williams v. State,* 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

Appellant's argument that he raised the affirmative defense of due-diligence

5

requires us to interpret the due-diligence statute. Statutory construction is a question of law we review de novo. *Harris v. State*, 359 S.W.3d 625, 629 (Tex. Crim. App. 2011); *Ramos v. State*, 303 S.W.3d 302, 306 (Tex. Crim. App. 2009). In construing a statute, we must "seek to effectuate the 'collective' intent or purpose of the legislators who enacted the legislation." *Harris*, 359 S.W.3d at 629 (quoting *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) (en banc)). "We look first to the statute's literal text, and 'we read words and phrases in context and construe them according to the rules of grammar and usage.'" *Id.* (quoting *Lopez v. State*, 253 S.W.3d 680, 685 (Tex. Crim. App. 2008)); *Jones v. State*, 323 S.W.3d 885, 888 (Tex. Crim. App. 2010). "We must 'presume that every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible.'" *Harris*, 359 S.W.3d at 629 (quoting *State v. Hardy*, 963 S.W.2d 516, 520 (Tex. Crim. App. 1997) (en banc)). Only if the statutory language is ambiguous or leads to absurd results that the legislature could not have possibly intended, may we consult extra-textual sources. *Id.*; *Jones*, 323 S.W.3d at 888; *Boykin*, 818 S.W.2d at 785. In the process, we consider any prior judicial construction of the statute. *Jones*, 323 S.W.3d at 888. A judicial construction of the statute is the law until it is overruled. *Id.* at 888–89. The interests of stare decisis are at their height for judicial constructions of legislative enactments because parties rely on the constructions for guidance in complying with the enactments. *Id.* at 889.

## B. Discussion – Failure to Report

Prior to the amendment of article 42.12, the common-law due-diligence defense

allowed the trial court jurisdiction over a motion to revoke that was filed after the period of community supervision had expired, provided a motion alleging a violation of probationary terms was filed and a capias or arrest warrant was issued prior to the expiration of the term, followed by due diligence to apprehend the probationer and to hear and determine the allegations in the motion. *Peacock v. State*, 77 S.W.3d 285, 287 (Tex. Crim. App. 2002) (superseded by *Garcia v. State*, 387 S.W.3d 20 (Tex. Crim. App. 2012)).

In 2003, the Legislature amended Texas Code of Criminal Procedure Article 42.12 by adding Sections 21(e) and 24. *See* Act of May 30, 2003, 78th Leg., R.S., ch. 250, §§ 2, 3, effective June 18, 2003. Section 21(e) expressly extends the trial court's jurisdiction over revocation proceedings beyond the expiration of a defendant's community supervision so long as, before that time, the State has filed a motion to revoke, continue, or modify community supervision and a capias has issued. *Garcia*, 387 S.W.3d at 23; *see* Tex. Code Crim. Proc. Ann. art 42.12 §§ 21(e), 24 (West, Westlaw through Chapter 46 2015 R.S.); *Nurridin v. State*, 154 S.W.3d 920, 922–23 (Tex. App.—Dallas 2005, no pet.) To section 21 of article 42.12, the legislature added paragraph (e):

> A court retains jurisdiction to hold a hearing under Subsection (b) and to revoke, continue, or modify community supervision, regardless of whether the period of community supervision imposed on the defendant has expired, if before the expiration the attorney representing the state files a motion to revoke, continue, or modify community supervision and a capias is issued for the arrest of the defendant.

Tex. Code Crim. Proc. Ann. art. 42.12, § 21(e).

In addition to paragraph (e), the legislature replaced the common-law due-diligence requirement by adding section 24:

> For the purposes of a hearing under Section 5(b) or 21(b), it is an affirmative

7

defense to revocation for an alleged failure to report to a supervision officer as directed or to remain within a specified place that a supervision officer, peace officer, or other officer with the power of arrest under a warrant issued by a judge for that alleged violation failed to contact or attempt to contact the defendant in person at the defendant's last known residence address or last known employment address, as reflected in the files of the department serving the county in which the order of community supervision was entered.

*See* TEX. CODE CRIM. PROC. ANN. art 42.12 § 24.

Appellant argues that the statute requires the probation department to attempt to contact a probationer in cases where the probationer fails to report as directed. This argument suggests that during a probationer's term of community supervision, the State is required to report to the probationer. Such a reading effectively shifts the burden of reporting to the State, even in situations where the probationer is still within the term of community supervision—and the jurisdiction of the trial court—and fails to report as required under the terms of community supervision. While we acknowledge that the language of the statute is ambiguous, we disagree with appellant's interpretation.

In a prior analysis of the statute, the Court of Criminal Appeals has concluded that "the legislative history reveals that the new due-diligence statute reallocates the burden of proof in those instances in which the State has timely alleged violations but *has not arrested the defendant before the community-supervision period expired*". *Garcia*, 387 S.W.3d at 25 (emphasis added); *see* TEX. CRIM. PROC. ANN. art. 42.12 § 24. The due-diligence statute limits the State's duty to contacting or attempting to contact the defendant at his last-known residential or employment addresses, whereas common law required reasonable investigative efforts to apprehend the defendant. *See Garcia*, 387 S.W.3d at 23. The court noted that legislative supporters of the statutory amendment

were concerned with rewarding absconding offenders and that "[the bill] would ensure that a defendant is not rewarded for absconding and thereby escaping the court's jurisdiction." *Id.* at 24 (citing HOUSE RESEARCH ORGANIZATION, BILL ANALYSIS, Tex. H.B. 1634, 78th Leg., R.S. (April 24, 2003)). While the Court of Criminal Appeals did not address the particular issue before us, our interpretation of the due-diligence statute is consistent with their analysis. *Jones*, 323 S.W.3d at 888.

Contrary to appellant's claims, a due diligence defense pertains to the State's duty in apprehending a defendant *when the State has not arrested the defendant prior to the expiration of the community supervision period.* *See Garcia*, 387 S.W.3d at 25. Based on our construction of sections 21(e) and 24, we agree with the State that the statute does not contemplate the duty and failure to report; rather, it contemplates the timeliness in apprehending a defendant after the expiration of his period of community supervision. *See id.* Appellant concedes that he did not report as required and it is undisputed appellant was arrested *prior to the expiration of his period of community supervision.* Therefore, the new due diligence defense under article 42.12 section 24 does not apply in this case.

Appellant testified that he knew he was required to report and lived eleven blocks from the probation office, but did not report because he was afraid of going to jail. Additionally, appellant acknowledged that he did not participate in any drug screening. Appellant's admissions, coupled with Garcia's testimony, is sufficient for the State to meet its burden with respect to the allegations of failure to report and failure to comply with drug testing. The trial court did not abuse its discretion in finding that appellant violated

9

this term of community supervision. Because a single violation of a condition of community supervision is sufficient to support the trial court's decision to revoke, we need not address the other violations found true by the trial court. *See Garcia*, 387 S.W.3d at 26. We overrule appellant's point of error.

### III. CONCLUSION

We affirm the trial court's order revoking appellant's community supervision.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of July, 2015.

10