NO. 07-10-00441-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 29, 2012

ALLEN DWAYNE BATES, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

NO. 126,532-1; HONORABLE W. F. (CORKY) ROBERTS, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Allen Dwayne Bates appeals from his conviction by jury of the misdemeanor offense of burglary of a vehicle and the resulting sentence of 365 days in the Potter County Jail and a fine of $4000. Appellant challenges the trial court's judgment through three issues. We will affirm.

Background

Appellant was charged by complaint and information with burglary of a vehicle.[1] He plead not guilty. Thereafter, the court heard pretrial motions, including appellant's

---

[1] *See* Tex. Penal Code Ann. § 30.04 (West 2010).

motion to suppress. The court denied the motion, and the case proceeded to trial before a jury.

The evidence at trial showed that on a cold evening in January 2010, a diner at Amarillo Country Club heard the sound of glass breaking in the Club's parking lot. An employee called 911 while others ran to the parking lot. They saw a tall person in dark clothing reaching into a vehicle, later determined to be that of a Club employee. The person ran away. A passenger window of the vehicle was broken, the inside of the vehicle was covered in glass, and the employee's purse was gone. Its contents had included credit cards and other such items, $20 cash and the employee's driver's license.

Two Amarillo police officers responded to the dispatch following the 911 call. As Officer Clayton approached the area, he turned from Western Street onto the street running in front of the Club's entrance. He saw only one person in the area, appellant, who was walking east, wearing dark clothing. The officers detained appellant. He produced a wallet but told the officers he had no identification. A patdown resulted in the discovery of a hammer, found tucked into the front of appellant's waistband. The officers continued searching appellant for weapons. They found a flashlight in his left pants pocket, and found credit cards bearing the Club employee's name in his right pocket.

Appellant was arrested. About two weeks later, the purse was found on the roof of a building across the street from the Club. The cash and several credit cards were missing from the purse.

Analysis

Appellant's motion to suppress argued the evidence found on his person was obtained in violation of his rights under the Fourth Amendment to the United States Constitution and Article One, Section Nine of the Texas Constitution. U.S. amend. IV; Tex. Const. art. 1, § 9. In his argument on appeal, appellant does not challenge his initial detention by the officers, or the initial patdown search and seizure of the hammer located by the patdown. His contention is that the credit cards the officers located in his pants pocket should have been suppressed.

Although the State does not argue on appeal that appellant's contention was not preserved for our review, error preservation is a systemic requirement that we must review *sua sponte*. *Haley v. State*, 173 S.W.3d 510, 515 (Tex.Crim.App. 2005).

A defendant who files a pre-trial motion to suppress evidence and obtains a ruling on the admissibility of the evidence need not object every time the evidence is offered at trial to preserve error. Tex. R. Evid. 103(a)(1); *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex.Crim.App. 1986). "However, when the defendant affirmatively asserts during trial he has "no objection" to the admission of the complained-of evidence, he waives any error in the admission of the evidence despite the pre-trial ruling." *Id.; see Swain v. State,* 181 S.W.3d 359, 368 (Tex.Crim.App. 2005); *Maldonado v. State,* No. 05-09-00383-CR, 2011 Tex.App. LEXIS 1984, at *6-8 (Tex.App.—Dallas March 18, 2011, no pet.) (mem. op., not designated for publication).

Here, the Club employee victim identified at trial each of the cards found on appellant's person. The State offered its exhibit, copies of the cards, into evidence.

3

Appellant's counsel affirmatively stated, "No objection, Your Honor." The court admitted the exhibit and appellant's counsel reiterated appellant had "[n]o objection." Because appellant affirmatively asserted he had no objection when the evidence was admitted at trial, he has waived any error in its admission. Appellant's first two issues present nothing for our review, and are overruled.

Sufficiency of the Evidence

By appellant's third issue, he contends the evidence presented at trial is insufficient to support his conviction for the offense of burglary of a vehicle. We disagree with appellant's contention and find the evidence sufficient.

Evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational factfinder could have found each essential element of the charged offense was proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 892, 912 (Tex.Crim.App. 2010); *Laster v. State*, 275 S.W.3d 512, 517 (Tex.Crim.App. 2009).

Circumstantial evidence is as probative as direct evidence in establishing the guilt of the actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007); *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex.Crim.App. 2010). "[T]he standard of review on appeal is the same for both direct and circumstantial evidence cases." *Kuciemba*, 310 S.W.3d at 462 (quoting *Guevara v. State*, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004)). Further, the law does not require that each fact "point directly and independently to the guilt of the

appellant, as long as the cumulative effect of all the incriminating facts is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13. So long as "the verdict is supported by a reasonable inference, it is within the province of the fact-finder to choose which inference is most reasonable." *Laster*, 275 S.W.3d at 523.

Burglary can be proven solely through circumstantial evidence. *Hooper,* 214 S.W.3d at 14-15. A person commits burglary of a motor vehicle if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft. Tex. Penal Code Ann. § 30.04(a) (West 2010). A defendant's unexplained possession of property recently stolen in a burglary permits an inference that the defendant is the one who committed the burglary. *Rollerson v. State,* 227 S.W.3d 718, 725 (Tex.Crim.App. 2007).

Appellant was found in the unexplained possession of the credit cards that had been contained in the purse taken from the victim's vehicle within minutes of his apprehension. Based on the evidence it heard, the jury also could have concluded that he possessed a hammer; that on the hammer were tiny shards of glass; that only one person ran from the parking lot and that person ran in an easterly direction from the Club's entrance; that officers shortly located appellant walking that direction, about three blocks from the Club's entrance; that no other person was seen in the area; and that the purse later was found atop a building along the route between the Club entrance and appellant's location when apprehended.

Appellant points out no one testified he was out of breath when the officers approached him, and no one testified footprints in the snow lead from that location back

5

to the country club or near the roof where the purse was later found.  He also disputes the testimony that the hammer bore shards of glass, arguing that vehicle windows are safety glass and do not break into shards.  Lastly, appellant argues reasonable doubt of his guilt is created by the fact he was not found with all of the stolen property, notably the $20 cash, which was never recovered.

The jury is the judge of the witnesses' credibility.  *Fuentes v. State,* 991 S.W.2d 267, 271 (Tex.Crim.App. 1999). The jury may choose to believe or disbelieve all or any part of the testimony presented.   *Johnson v. State,* 871 S.W.2d 744, 748 (Tex.Crim.App. 1994).  The *Jackson* evidentiary sufficiency "standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319.

It was the jury's responsibility here to evaluate the evidence it saw and heard. Viewing all the evidence in the light most favorable to the jury's verdict, we conclude a rational jury could have found each essential element of the charged burglary was proven beyond a reasonable doubt.  *Brooks,* 323 S.W.3d at 912.  The evidence was sufficient. We overrule appellant's final issue and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.