

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-93,208-01

## EX PARTE FLOYD WOODS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 241-1074-14-A IN THE 241ST DISTRICT COURT
### FROM SMITH COUNTY

KELLER, P.J., delivered the opinion of the Court in which HERVEY, RICHARDSON, NEWELL, KEEL, WALKER, SLAUGHTER and MCCLURE, JJ., joined. YEARY, J., filed a dissenting opinion.

For the offense of unlawful possession of a firearm by a felon, if a person possesses two firearms, has he committed one offense or two? We answer that question "one" and grant relief.

## I. BACKGROUND

Applicant was charged by two indictments with the offense of unlawful possession of a firearm by a felon.[1] Each indictment alleged possession of a different firearm. The indictments

---

[1] *See* TEX. PENAL CODE § 46.04(a)(1).

alleged the same date[2] for the offenses and the same underlying conviction that made Applicant a felon. The indictments also included two enhancement paragraphs, with the second enhancement paragraph alleging sequence to confer habitual status.[3] This resulted in a punishment range of 25 to 99 years or life for each offense.[4] In exchange for Applicant's open pleas of guilty, the State abandoned one enhancement paragraph in each indictment, dropping the punishment range for each offense to 2 to 20 years.[5] The trial court sentenced Applicant to 18 years on each offense, to run concurrently. In the plea papers, Applicant waived his right to appeal.

The court reporter's record of the plea hearing has not been included in the habeas record, but the parties agree that the two firearms were found by law enforcement during the same incident. In its findings, the habeas court concluded that the record showed that Applicant was convicted for possessing two different firearms at the same time and under the exact same circumstances.

Applicant filed notices of appeal in both cases, but he withdrew the notices and the appeals were dismissed. In his handwritten motion to withdraw the appeals, Applicant stated, "My family and I are both satisfied with the sentence that was given to me during my court appearance."

On habeas, Applicant contends that conviction on both offenses violates double jeopardy. He also contends that trial counsel was ineffective for failing to discover the double-jeopardy violation. The State agrees that conviction for both offenses violates double jeopardy.

---

[2] The indictments used "on or about" language.

[3] *See id.* § 12.42(d).

[4] *See id.*

[5] *See id.* §§ 12.42(a) (third-degree offense punished as second-degree), 46.04(e) (third-degree felony).

In its initial findings, the habeas court concluded that Applicant suffered a double-jeopardy violation. In supplemental findings requested by this Court, the habeas court concluded that counsel was not deficient for failing to discover the double-jeopardy violation because the law was unsettled regarding whether there was a double-jeopardy violation on these facts. Also, the trial court observed that the writ application did not claim that Applicant would have insisted on going to trial, and the trial court agreed with trial counsel's affidavit that there was no way Applicant was going to turn down a plea offer that took 79 or more years off the table and request a jury trial.

## II. ANALYSIS

The statute proscribing possession of a firearm by a felon provides in relevant part:

> A person who has been convicted of a felony commits an offense if he possesses a firearm . . . after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later.[6]

The issue here is the proper unit of prosecution. Does the statute punish a person for each firearm possessed or does it punish a person for being a felon who possesses one or more firearms? In determining the allowable unit of prosecution, we look first to the "focus" of the offense.[7] Absent explicit legislative direction, the focus of the offense is the best indicator of legislative intent regarding the unit of prosecution.[8] There are three types of focus for an offense: (1) result of conduct, (2) nature of conduct, and (3) circumstances surrounding the conduct.[9]

---

[6] TEX. PENAL CODE § 46.04(a)(1).

[7] *Stevenson v. State*, 499 S.W.3d 842, 850 (Tex. Crim. App. 2016).

[8] *Ex parte Cook*, 630 S.W.3d 65, 66 (Tex. Crim. App. 2021).

[9] *Id.* at 66-67; *Stevenson*, 499 S.W.3d at 850.

We have held that criminal liability under the statute before us turns on the defendant's "status" of being a felon.[10] Ordinarily, a "status" offense is a "circumstances surrounding the conduct" offense.[11] When a particular circumstance makes otherwise innocent behavior criminal, the offense is a "circumstances" offense.[12] We have, for instance, held that the offense of violation of a civil commitment order was a "circumstances" offense because a violation "arises only by the circumstance that the person has been adjudicated a sexually violent predator and has been civilly committed."[13] It was this circumstance that rendered otherwise innocent conduct criminal.[14] We have similarly held that a sex-offender's failure to report a change of address was a "circumstances" offense because the requirement to register as a sex offender caused otherwise innocent behavior to become criminal.[15] By contrast, driving while intoxicated with a child under age 15 present was not a "circumstances" offense because the presence of the child did not make otherwise innocent conduct criminal but merely elevated what was already a criminal offense.[16] Because criminal liability under the statute before us turns upon the status of a person being a felon and because it is this status that makes the otherwise innocent conduct of possessing a firearm criminal, the statute before us prescribes a "circumstances" offense.

---

[10] *Ex parte Jimenez*, 361 S.W.3d 679, 682-84 (Tex. Crim. App. 2012).

[11] *See Stevenson*, 499 S.W.3d at 851; *Young v. State*, 341 S.W.3d 417, 427 (Tex. Crim. App. 2011).

[12] *Robinson v. State*, 466 S.W.3d 166, 170 (Tex. Crim. App. 2015).

[13] *Stevenson*, 499 S.W.3d at 851.

[14] *Id.*

[15] *Young,* 341 S.W.3d at 427.

[16] *Cook*, 630 S.W.3d at 67.

For a "circumstances" offense, different or discrete conduct in violation of a statute may nevertheless be part of a single crime if the circumstances are the same.[17] We have in fact held different or discrete acts or omissions to be part of a single crime in three different cases in which we addressed a "circumstances" offense.[18] In *Stevenson,* when a defendant was prosecuted for violation of a civil commitment order, we held that three different acts that violated the order were part of the same offense.[19] In *Young*, when the defendant was prosecuted for failing to register a new address as a sex offender, we concluded that two different omissions relating to his change of address were part of a single offense because the failure to report a change of address was "one crime per move."[20] In *Huffman*, when the defendant was prosecuted for failure to stop and render aid, we held that only one offense was committed when, after a traffic accident, the defendant failed to comply with multiple requirements under the render-aid statute.[21] In each of these three cases, the multiple acts in violation of statute were tied to a single circumstance: one civil commitment order in *Stevenson*, one move under the duty to register in *Young*, and one accident in *Huffman.*[22]

---

[17] *Stevenson*, 499 S.W.3d at 851.

[18] *See Stevenson*, *supra* at 850-51 (violation of a civil commitment order); *Young*, 341 S.W.3d 417, 426-28; *Huffman v. State*, 267 S.W.3d 902 (Tex. Crim. App. 2008) (failure to stop and render aid).

[19] 499 S.W.3d at 846, 851 (The defendant "(1) went to his girlfriend's house without approval, (2) removed the GPS device and left the designated facility without permission, and (3) failed to make progress in the treatment program.").

[20] 341 S.W.3d at 419, 426-28 (The defendant "(1) failed to notify the Comal County Sheriff's Office seven days prior to changing his address; or (2) failed to provide the Sheriff's Office with proof of identity and residence within seven days after the move.").

[21] 267 S.W.3d at 905-08.

[22] *See supra* at nn.19-21.

The holding in *Stevenson* seems to be especially instructive because of the close parallels between the offense at issue in that case and the offense at issue here (violation of a civil commitment order and unlawful possession of a firearm by a felon). Both offenses involve the defendant having a certain status conferred by an official court action (judgment or order). For the civil-commitment offense, the defendant has the status of being the subject of a civil-commitment order. For the firearm offense, the defendant has the status of being a felon based on a trial court's judgment.

And for both offenses, a defendant's status at the time he commits the conduct is what matters, even if the judgment or order conferring that status is later overturned.[23] If a person has a felony judgment against him at the time he possesses a firearm, he commits an offense even if that felony judgment is later overturned.[24] Likewise, if a civil-commitment order against a person is in effect at the time he violates the order, he commits an offense even if the civil commitment order is later overturned on appeal.[25] In *Bohannon*, we relied heavily on our jurisprudence under the firearm statute to construe the civil-commitment statute the same way.[26]

The firearm and civil-commitment statutes also include similar language that would, in isolation, suggest multiple units of prosecution based on the conduct element of each statute. The firearm statute makes it an offense for a felon to possess "*a* firearm" under certain conditions.[27] The

---

[23] *Bohannan v. State*, 546 S.W.3d 166, 172-77 (Tex. Crim. App. 2017).

[24] *Id.* at 173-74 (discussing *Jimenez*).

[25] *Id.* at 176-77.

[26] *Id.* at 173-77.

[27] TEX. PENAL CODE § 46.04(a) (emphasis added).

civil commitment statute makes it an offense to violate "*a* civil commitment requirement."[28] In *Jones*, a case involving the offense of false statements to obtain credit, we held that the use of the word "a" before the conduct in a statute is some indication that the statute criminalizes each instance of conduct.[29] But we did not adopt this construction as a strict rule.[30] And in *Stevenson* we held that the *Jones* rule of construction did not apply to the civil-commitment statute because *Jones* was a nature-of-conduct offense rather than a "circumstances" offense.[31] The offense in this case is a "circumstances" offense, and it is distinguishable from *Jones* for the same reason that *Stevenson* was distinguishable.

It is true that possessing more than one firearm seems like more serious conduct than possessing a single firearm, but the same could be said for multiple violations of a civil-commitment order. And the trier of fact is free to take into account how many firearms the defendant possessed when it assesses punishment.[32]

Applicant is entitled to relief.[33] We vacate the conviction in the present case, trial-court cause

---

[28] TEX. HEALTH & SAFETY CODE § 841.085(a) (2015) (emphasis added).

[29] *Jones v. State*, 323 S.W.3d 885, 891-92 (Tex. Crim. App. 2010).

[30] *Id.* at 892.

[31] *Stevenson*, 499 S.W.3d at 851-52.

[32] Both offenses are third degree felonies with a punishment range of 2 to 10 years. TEX. PENAL CODE § 46.04(e) (third-degree felony); TEX. HEALTH & SAFETY CODE § 841.085(b) (same). *See also* TEX. PENAL CODE § 12.34(a) (punishment range for third-degree felony).

[33] The dissent contends that we should address whether the double-jeopardy claim is even cognizable on habeas, because it could have been raised on direct appeal. This Court has held that, because of the "fundamental nature of the double-jeopardy protections," a double-jeopardy claim may be raised for the first time on post-conviction habeas when the undisputed facts show that the double-jeopardy violation is clearly apparent on the face of the record and when enforcement of the

number 241-1074-14.

Delivered: September 28, 2022
Publish

---

usual rules of procedural default serves no legitimate state interest. *Ex parte Denton*, 399 S.W.3d 540, 544 (Tex. Crim. App. 2013). Although two prior fractured decisions included concurrences suggesting that double-jeopardy claims are not cognizable on habeas, *see Ex parte St. Aubin*, 537 S.W.3d 39, 45-46 (Tex. Crim. App. 2017) (Keasler, J., concurring) (discussing *Ex parte Marascio*, 471 S.W.3d 832, 840 (Tex. Crim. App. 2015) (Keasler, J., concurring)), the Court has subsequently granted habeas relief on double-jeopardy claims in majority decisions. *Cook*, 630 S.W.3d 65. *See also Ex parte Price*, 635 S.W.3d 659, 659-60 (Tex. Crim. App. 2021) (Yeary, J., dissenting) (noting Court's summary grant of relief on a "bare double jeopardy claim"); *Ex parte Timmons*, 630 S.W.3d 98, 98 (Tex. Crim. App. 2021) (Yeary, J., dissenting) (noting Court's summary grant of relief on double-jeopardy grounds). As it stands, precedent supports the continued cognizability of free-standing double-jeopardy claims, and the State has not argued that we should re-evaluate that position.